J. L. MOTT IRON WORKS et al. v. F. W. WEBB MFG. CO.

(Circuit Court of Appeals, First Circuit. February 26, 1906.)

No. 602.

PATENTS—INFRINGEMENT—WATER-CLOSETS.

The Chadbourne patent, No. 461,734, for an improved construction of the bowl and seat in water-closets, claim 1, construed and *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion below, see 136 Fed. 863.

William P. Preble, Jr., for appellants.

William A. Macleod (George P. Dike, on the brief), for appellee.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

COLT, Circuit Judge. This appeal relates to the Chadbourne patent, No. 461,734, bearing date October 20, 1891. The patent is for improvements in water-closets, and the claim in issue reads as follows:

"(1) In water and other like closets or articles, the combination, with the seat thereof having its main opening extended to form a cut-away portion or opening extending through the front part of the seat, of the bowl constructed to also form a front passage and to stop or close the forward part of the front cut-away portion or opening in the seat when the seat is closed, substantially as and for the purposes herein set forth."

This is the comprehensive claim of the patent, and was intended to cover broadly the Chadbourne invention.

The case, as presented turns on the question of infringement, and this question resolves itself into the single inquiry: What is the invention covered by the patent? If the Chadbourne invention is for a water-closet in which the essential and characteristic features are a cut-away seat in the form of a horseshoe, and a bowl with a lip or projection which fills the opening in the seat, then undoubtedly the defendants' water-closet embodies these features. If, on the other hand, the Chadbourne invention is for a water-closet in which the essential and characteristic features are a cut-away seat which extends well forward to prevent the body from coming in contact with this part of the seat, as in ordinary closets, and a bowl with a similar front extension, and having also a raised lip at the front for the purpose of making a tight joint with the seat, and so preventing the escape of odors or gases, then the defendants' closet does not contain the Chadbourne invention.

The nature and scope of the Chadbourne invention are to be determined by an examination of the specification and drawings of the patent.

The specification says:

"The invention consists in a novel construction of both the bowl and seat in front, substantially as hereinafter described and more particularly pointed out in the claims; and the object of the invention is not only to prevent contact of the body with the front portion of the seat and bowl, especially the front part of the seat, which under ordinary constructions is frequently

in an unfit condition, especially in closets of public resort, including stores, offices, &c., for use exclusively by women, but to keep the closet or its seat clean without requiring constant care, and to exclude all escaping odors from the closet when the lid is closed. It also prevents any deposit from coming or remaining on the front of the seat and bowl, thereby insuring a clean, dry exposure of said parts. * * *

"Figure 3 [represents] a view in perspective of the closet in part, showing the seat as partly raised to more fully display the construction of the front portions of the bowl and seat."

This figure is illustrated in the following cut:

Fig. 3.

The specification proceeds:

"The main configuration of the bowl may be similar to that in general use, also the main configuration of the opening, E, in the seat be similar to that of the opening in other water-closet seats; but both parts are of special and peculiar construction in front. Thus the front part of the bowl on top is constructed to form a wide forwardly-extended portion, b, to the upper opening of the bowl, terminating in a cross-lip or strip-like part, c, forming the upper front marginal portion of the bowl, and which is raised or projects above the upper marginal portion generally of the bowl—that is, above the portion thereof in rear of said lip or strip-like part. This special construction of the upper marginal portion of the bowl in front operates, in conjunction with the special construction of the seat, C, in front, to accomplish the ends for which the invention is designed.

"The seat, C, has its opening, E, extended for a certain portion of its width in front, or in other words, the seat is cut away in front to form a forward extension b, preferably of less width than the extended portion or passage, b, of the bowl over which it comes when the seat is closed, and said forward portion, $b^1$, of the seat extends clear through the forward end of the seat and terminates at its outer end in a crossing lateral extension, $b^2$, which is of a shape and size to closely secure the raised lip part, c, of the bowl within it when the seat is closed, thus practically making an air-tight joint between the seat and bowl, and excluding the escape of effluvia through the opening in the seat when the lid, D, of the closet is closed, including the front crossing extension, $b^2$, of the opening, $b^1$, the raised lid part, c, of the bowl virtually forming a closing end to the forward portion of the opening in the seat when the seat is closed, both

when the lid, D, is open and when it is shut down. The marginal portion of the bowl at the upper opening thereof also serves to support the seat. By this construction, too, of the bowl and seat in front, both are protected from receiving or holding any objectionable drippings or moisture at said parts from the person on the seat, and the body is kept from contact with the front portion of the seat and bowl, and the seat is kept clean or free from objectionable deposits or moisture in front at all times without requiring constant or special care at the cost of time or labor to keep it so."

As appears from the specification, the patentee first states the objects for which the invention is designed. These are (1) to prevent contact of the body with the front portion of the seat or bowl: (2) to keep the seat clean without requiring constant care; (3) to prevent any deposit from coming or remaining on the front of the seat and bowl; and (4) to prevent the escape of all odors from the closet when the lid is closed.

The patentee then proceeds to declare that the seat and bowl are of special and peculiar construction in front. The front part of the bowl on top is constructed to form a wide forwardly extended portion terminating in a cross-lip which projects above the upper marginal portion of the bowl. The seat has its opening extended for a certain portion of its width in front. In other words, the seat is cut away in front to form a forward extension. This forward portion of the seat terminates at its outer end in an extension of a shape and size to secure closely the raised-lip part of the bowl: thus making an air-tight joint between the seat and the bowl. The raised-lip part of the bowl forms a closing end to the forward portion of the opening in the seat when the seat is closed. By this construction of the bowl and seat the purposes of the invention are accomplished.

In harmony with the main descriptive features of the specification, the first claim is for the combination of a seat having its main opening extended to form a cut-away portion or opening extending through the front part of the seat, with a bowl constructed to form also a front passage and to stop or close the forward part of the front cut-away portion or opening in the seat when the seat is closed.

We think the foregoing review of the Chadbourne patent leaves no doubt in the mind that the first and most essential feature of the invention is the forwardly extended portion of the seat and bowl, which makes an extended opening by means of which the body and all objectionable matter are kept from contact with these parts of the closet, and that the other characteristic feature is the raised lip of the bowl, which, in conjunction with the special construction of the forward part of the seat, is designed to make an air-tight joint when the seat is closed.

Since there is absent from the defendants' closet the first and primary feature of the Chadbourne invention, namely, the forwardly extended portion, or opening, of the seat and bowl, it clearly cannot be held to infringe the first claim of the Chadbourne patent.

The decree of the Circuit Court is reversed, the cause is remanded to that court, with directions to dismiss the bill, and the appellants recover their costs of appeal.